UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BXS INSURANCE, INC.                                    CIVIL ACTION

VERSUS                                                      NO. 21-1907

ERMR, LLC, ET AL.                                  SECTION "R" (1)

## ORDER

Before the Court is defendants and counterclaimants ERMR, LLC, and
Edward B. Scheinuk's (collectively, the "ERMR Parties") motion for leave to
deposit disputed funds in the Court's registry.[1]  Plaintiff BXS Insurance, Inc.
("BXSI") opposes the motion.[2]  For the following reasons, the Court grants
the motion in part, and denies the motion in part.

## I.    BACKGROUND

This case involves a contract dispute between insurance companies.
Plaintiff BXSI alleges that, on February 21, 2020, BXSI and the ERMR
Parties executed an Asset Purchase Agreement ("APA"), under which BXSI
sold a "book of business" and client list to the ERMR Parties for a purchase
price of $5,000,000.00.[3]  The purchase price was to be paid in installments,
with the final installment of $1,666,666.66 due on February 21, 2022.[4]  The

---

[1]    R. Doc. 11.
[2]    R. Doc. 21.
[3]    R. Doc. 1 ¶¶ 17, 19.
[4]    *Id.* ¶ 25.

APA includes certain restrictive covenants as to both BXSI and the ERMR Parties, including "agreements of non-solicitation, non-acceptance, and non-interference of clients."[5]

According to plaintiff's complaint, in or around July of 2020, it informed the ERMR Parties that one of the ERMR Parties' customers had contacted BXSI.[6]  The ERMR Parties alleged that this was a breach of the non-solicitation agreement,[7] but decided not to seek judicial intervention, and instead agreed with BXSI to extend the period of the restrictive covenant from 24 months to 30 months.[8]

The complaint further alleges that counsel for the ERMR Parties later alleged a second violation of the restrictive covenant, asserting that BXSI had solicited a client of the ERMR Parties.[9]  BXSI denies that this alleged contact was a violation.[10]  Based on the alleged violations of the restrictive covenant, the ERMR Parties told BXSI that they would not pay the final installment of $1,666,666,66, due on February 21, 2022, and that they would seek to reclaim the prior payments made pursuant to the APA.[11]

---

[5]     *Id.* ¶ 29.
[6]     *Id.* ¶ 35.
[7]     *Id.* ¶ 36.
[8]     *Id.* ¶ 39.
[9]     *Id.* ¶ 42.
[10]    *Id.* ¶ 43.
[11]    *Id.* ¶ 45.

On October 18, 2021, BXSI filed a complaint against the ERMR Parties, seeking a declaratory judgment that BXSI has not breached the APA.[12]  BXSI asks the Court to order the ERMR Parties' specific performance of the agreement, and to find that the ERMR parties are not entitled to rescind or nullify the agreement.[13]  On December 20, 2021, the ERMR Parties filed counterclaims for breach of contract, intentional and/or negligent misrepresentations, attorneys' fees and court costs, and a declaratory judgment that the restrictive covenant is enforceable.[14]

On February 1, 2022, the ERMR Parties moved to deposit $1,666,666.66 into the Court's registry, pursuant to Rule 67 of the Federal Rules of Civil Procedure.[15]  They contend that, because both parties seek a judgment regarding the payment, this sum is properly considered "in dispute" for the purposes of Rule 67.[16]  The ERMR Parties also ask the Court to "deem[]" them "in compliance with the 2020 APA," pending resolution of the dispute, and "thus not subject to any interest (other than that provided

---

[12]   *Id.* ¶ 69.
[13]   *Id.* at 18.
[14]   R. Doc. 6.
[15]   R. Doc. 11.
[16]   R. Doc. 11-1 at 7-8.

by the interest-bearing [account] . . . ), attorneys' fees, or penalties owed under the applicable agreements for untimely payments."[17]

BXSI opposes the motion, arguing that the ERMR Parties are improperly attempting to use Rule 67 to rewrite the parties' contract.[18] BXSI contends that the $1,666,666.66 sum is an overstatement of the money "in dispute," because, under Louisiana law, the ERMR Parties would never be entitled to those damages. Specifically, they argue that a breach of contract entitles a party only to damages actually sustained as a result of the breach, and that Louisiana law does not permit a return of amounts paid in consideration for the agreement.[19] BXSI further argues that, if the Court allows the Rule 67 deposit, the ERMR Parties should not be deemed to have complied with their obligations under the APA.[20] BXSI represents that, if the ERMR Parties deposit the payment into the Court's registry, BXSI will amend its complaint to allege breach of contract for failure to pay.[21]

The Court considers the parties' arguments below.

---

[17]   *Id.* at 9.
[18]   R. Doc. 21.
[19]   *Id.* at 4-5.
[20]   *Id.* at 9.
[21]   *Id.* at 10.

4

## II.   DISCUSSION

Rule 67 of the Federal Rules of Civil Procedure provides that

> [i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a).  The purpose of Rule 67 is "to relieve the depositor of responsibility for a fund in dispute." *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987) (quoting 12 Wright & Miller, Federal Practice & Procedure § 2991 (West 1973)).  "Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court." *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990) (citing *Gulf States Utils.*, 824 F.2d at 1474-75).

The Court finds that Rule 67 relief is appropriate in this case.  The parties plainly dispute "the disposition of [this] sum of money."  Fed. R. Civ. P. 67(a).  And the Court's preliminary review of the pleadings in this case does not reveal any facially meritless claims or defenses that would enable it to find, as BXSI so urges, that the identified sum is not truly "in dispute." While BXSI may ultimately prevail on its claim that the ERMR Parties are not entitled to nullify the entire agreement or to recover the full purchase

5

price, these contentions go to the merits of the contract dispute, which the Court need not reach at this early stage.  Because the $1,666,666.66 sum is legitimately disputed, the Court finds it appropriate to "relieve the depositor of responsibility for [that] fund."  *Gulf States Utils.*, 824 F.2d at, 1474.  The Court therefore grants the ERMR Parties' request to deposit this sum into the Court's registry.

The Court further finds it appropriate to halt the ERMR Parties' accrual of prejudgment interest on this sum, upon deposit of the funds into the Court's registry.  *See Cajun Elec. Power*, 901 F.2d at 444 (noting that the Fifth Circuit has "suggested that an actual deposit of funds pursuant to the rule may stop the accrual of interest pending a final resolution of the rights of the parties with the respect to the fund" (citing *United States ex rel. Garrett v. Midwest Constr. Co.*, 619 F.2d 349, 353-54 (5th Cir. 1980)). Because the sum will have "been in the possession of the court for substantially the entire[ty]" of the litigation, and because the ERMR Parties will "ha[ve] not received any interest on this sum, or other benefit from its use," the Court finds that "it would be inequitable to tax [the ERMR Parties] for interest."  *Reliable Marine Boiler Repair, Inc. v. Mastan Co.*, 325 F. Supp. 58, 64 (S.D.N.Y. 1971); *see also Fulton Dental, LLC v. Bisco, Inc.,* No. 15-11038, 2016 WL 4593825, at *5-6 (N.D. Ill. Sept. 2, 2016) ("[C]ourts have

6

held that a Rule 67 deposit can stop the running of prejudgment interest." (collecting cases)).  The Court therefore orders that, upon timely deposit of the disputed funds into the Court's registry, prejudgment interest shall not accrue against the ERMR Parties on the deposited sum.

However, the Court denies the ERMR Parties' other requests as to the effect of their Rule 67 deposit.  First, the Court declines to "deem[]" the ERMR Parties "in compliance" with their payment obligations under the APA by virtue of depositing the funds.  Rule 67 is merely a "procedural device . . . intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute."  *Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 729 (S.D.N.Y. 2014) (citations omitted).  It is "not to provide a means of altering the contractual relationships and legal duties of each party."  *Brady v. Basic Rsch., L.L.C.*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) (citations omitted).  To declare that the ERMR Parties have *per se* fulfilled their payment obligations by depositing the disputed money with the Court would be to "deprive [BXSI] of both the benefits of [the APA] *and* a right of action for its breach."  *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) (emphasis added).  For these reasons, the Court declines to grant the relief in issue.

Second, the Court denies the ERMR Parties' request that they be relieved of any obligation to pay attorney's fees or "other penalties owed" for untimely payment, should they ultimately owe BXSI the disputed sum.  As an initial matter, the ERMR Parties do not specify the basis of a possible award of attorney's fees, nor what "other penalties" might be owed upon resolution of the parties' dispute.  This nonexplanation leaves the Court unable to evaluate the propriety of the requested relief.  And in any case, as stated above, Rule 67 is not a means to adjudicate the parties' contractual relationship or other legal duties, *see Brady*, 312 F.R.D. at 306, as this request seemingly seeks to do.  Furthermore, the Court finds no legal support for the proposition that this type of relief properly flows from a Rule 67 deposit.  On the contrary, as one court has explained, while "courts have allowed Rule 67 deposits to stop the running of *interest* under certain circumstances," there is no "authority that supports the use of Rule 67 to avoid or limit a party's exposure to," for instance, "punitive damages." *Maher Eng'g Co. v. Screwmatics of S.C., Inc.*, No. 14-3761, 2014 WL 4979167, at *2 (N.D. Ill. Oct. 6, 2014) (emphasis in original).  Similarly, here, while the Court finds sufficient authority for the proposition that the Rule 67 deposit can stop the running of *interest*, it finds no authority in the law, or

reasons unique to the facts and circumstances of this case, that persuade it to relieve the ERMR Parties of any other obligations at this time.

## III.   CONCLUSION

For the foregoing reasons, the motion is GRANTED in part and DENIED in part.  The Court GRANTS the ERMR Parties' motion to deposit funds into the Court's registry, and to be relieved of prejudgment interest on the deposited sum.  The Court DENIES the ERMR Parties' request to be deemed in compliance with the APA by having deposited the funds, and to be relieved of attorney's fees and other obligations arising out of BXSI's nonreceipt of the sum.

New Orleans, Louisiana, this __15th__ day of February, 2022.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE